RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 4/14/14
       BY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **ANDREA HALL** | DOCKET NO. 1:14-CV-122; SEC. P |
| **VERSUS** | JUDGE DRELL |
| **BURL CAIN** | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Andrea Hall, a prisoner in the custody of Louisiana's Department of Public Safety and Corrections incarcerated at the Louisiana State Penitentiary, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on August 22, 2013 in the Middle District of Louisiana. The petition was transferred to this Court on January 27, 2014. [Doc. #5] Petitioner states that he does not challenge the validity of his conviction or sentence, but challenges his custody. [Doc. #11, p.1] He claims that Warden Cain does not have the legal authority to confine him.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636.

### Background

In June 1991, Andrea Hall was convicted of two counts of attempted second degree murder. He was adjudicated a habitual offender and was sentenced to serve two consecutive 100-year sentences. [In Re: Andrea Hall, 12-30948, Order 11/07/12] One of the convictions was subsequently reversed, and his sentence was

reduced to a single 100-year term. [In Re: Andrea Hall, 12-30948, Order 11/07/12] Petitioner has filed numerous petitions for writ of habeas corpus in this Court, at least one of which was denied on the merits, and several have been transferred to the Fifth Circuit in accordance with 28 U.S.C. §1631. The Fifth Circuit Court of Appeals has denied all motions, and issued a sanction warning, informing Hall that any further attempts to attack his conviction and sentence that do not meet the criteria set forth in §2244 for filing a successive §2254 application will result in the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction. [In Re: Andrea Hall, 12-30948, Order 11/07/12]

### *Petitioner's Claims*

Petitioner claims that he does not need permission from the Fifth Circuit to file the instant §2254 petition because he is not challenging his conviction or sentence. He claims, instead, that his conviction and sentence were actually vacated, and that Warden Cain has no legal authority to keep Petitioner confined at the Louisiana State Penitentiary.

### *Law and Analysis*

Petitioner is now being confined by Warden Cain pursuant to a judgment of a Louisiana Court finding him guilty of one count of attempted second degree murder. To the extent that Hall challenges

his custody, *which is pursuant to that judgment*, then he is actually challenging the legality or validity *of the judgment*. To the extent that Hall claims that both of his attempted second degree murder convictions were supposed to be vacated, he still challenges the validity of the judgment of conviction that he believes should have been vacated.

The current petition before this Court is a successive petition as defined by 28 U.S.C. §2244 and the jurisprudence. A later 2254 petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ. See <u>Crone v. Cockrell</u>, 24 F.3d 833 (5th Cir. 2003); <u>In re Cain</u>, 137 F.3d 234 (5th Cir. 1998). In this case, Petitioner raises a claim challenging his judgment of conviction that was raised in an earlier petition, and his petition is an abuse of the writ in violation of an order and warning from the Fifth Circuit.

As Petitioner is very well aware, before this or any successive habeas corpus petition may be considered by this court, he is required to obtain authorization from the United States Fifth Circuit Court of Appeals. This procedure is mandated by 28 U.S.C. §2244(b)(3) which provides in part, "[b]efore a second or successive application permitted by this section [§2254] is filed in the district court, the applicant shall move in the appropriate

3

court of appeals for an order authorizing the district court to consider the application." Petitioner has not received such authorization. Until such time as petitioner obtains authorization, the district court is without jurisdiction to proceed.

When a petitioner fails to first seek the permission of the appeals court, the district court may transfer the cause to the appropriate court of appeals for a determination of whether the successive or second petition should be allowed. See 28 U.S.C. §1631 see also Abdur'rahman v. Bell, 537 U.S. 88, 92 n. 7 (2003); see also In Re Epps, 127 F.3d 364 (5th Cir. 1997). *The instant petition should be transferred to the Fifth Circuit Court of Appeals pursuant to its order warning Petitioner that he will be subject to sanctions for any attempts to attack his conviction that do not meet the criteria of §2244.*

Therefore, **IT IS RECOMMENDED** that the instant petition be **TRANSFERRED** to the United States Fifth Circuit Court of Appeals in accordance with 28 U.S.C. §1631.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may

be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

Thus done and signed at Alexandria, Louisiana, this 14th day of April, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

5